# Court of Appeals
# of the State of Georgia

ATLANTA,  August 07, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0669. IN RE ESTATE OF LAUREN MICAELA TAYLOR.**

On June 17, 2026, the Probate Court of Fulton County entered an order denying Elaine and Lauren Taylor's motion to set aside certain orders relating to Elaine's guardianship and conservatorship of Lauren.[1] The order also terminated that guardianship and conservatorship. Elaine and Lauren then timely filed an application for discretionary appeal.

Ordinarily, the denial of a motion to set aside a judgment under OCGA § 9-11-60(d) must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35(a)(8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). In this case, however, the applicants challenge the trial court's termination of the guardianship and conservatorship as well as denial of their motion to set aside. Under OCGA § 15-9-123(a), "[e]ither party to a civil case in the probate court shall have the right of appeal to the Supreme Court or the Court of Appeals from any decision made by the probate court, except an order appointing a temporary administrator or an order appointing an emergency guardian or emergency

---

[1] The probate court had initially determined that it lacked jurisdiction to consider the motion to set aside and dismissed the motion, but this Court reversed, finding that although the probate court transferred the case to Missouri, because it "failed to properly terminate this case under OCGA § 29-11-20, and because it was the court of rendition, it retained jurisdiction to rule on [the] motion." *In re Estate of Taylor*, 377 Ga. App. 314, 318(2) (922 SE2d 476) (2025).

conservator," without first seeking review in superior court.[2] A "probate court" is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census[.]" OCGA § 15-9-120(2).

Because Fulton County's population exceeds 90,000 people,[3] and the probate court entered a final order terminating Lauren's guardianship and conservatorship, the applicants have a right of direct appeal to this Court. See *In re Bruni*, 369 Ga. App. 488, 490(3) (893 SE2d 862) (2023). Accordingly, this application is hereby GRANTED. See OCGA § 5-6-35(j). The applicants shall have ten days from the date of this order to file a notice of appeal in the probate court, if she has not already done so. OCGA § 5-6-35(g). The clerk of the probate court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,____08/07/2026_____

        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

        Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[2] As in regular civil cases, the order sought to be appealed must be final. See OCGA §§ 5-6-34(a)(1)(B), 15-19-123(b).

[3] A "probate court" is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census ...." OCGA § 15-9-120(2). According to the 2020 census, Fulton County had a population of 1,066,710. See https://data.census.gov/all?q=Fulton+County+Georgia.